THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR20-0105-JCC |
| Plaintiff, v. | ORDER |
| KENNETH WARREN RHULE, et al. | |
| Defendant. | |

This matter comes before the Court on the Government's unopposed motion to seal (Dkt. No. 53) and the parties' stipulated motion to continue trial and the pretrial motions deadline (Dkt. No. 106). Having thoroughly reviewed each motion and the relevant record, the Court GRANTS both motions for the reasons described below.

**I.   Unopposed Motion to Seal**

The Government moves to seal Exhibits 3–5 to its response to Defendant's motion for review of the magistrate judge's detention order because those exhibits describe criminal convictions and sensitive financial information. The First Amendment protects the public's right of access to criminal trials. *See, e.g.*, *Globe Newspaper Co. v. Super. Ct. for Norfolk Cty.*, 457 U.S. 596, 606 (1982). The public also has a common law right to inspect and copy public records from judicial proceedings. *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). But these rights must yield when (1) sealing a document serves a compelling interest, (2) that is substantially likely

to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives. *See United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017).

The Court finds that sealing these exhibits serves a compelling interest in protecting the privacy of litigants and nonparties. The passage of time since the Government moved to seal also favors granting the motion. *Cf. Perry v. Brown*, 667 F.3d 1078, 1087 (9th Cir. 2012) (parties' reliance interest in maintaining confidentiality of previously sealed records favored keeping them under seal). There is a substantial likelihood of harm to these interests if these documents are not sealed, and there are no less restrictive ways to protect these interests. Additionally, the Government's motion is unopposed. It is therefore ORDERED that Exhibits 3–5 to the Government's response to the motion for review of the detention order will remain SEALED.

## II.     Stipulated Motion for Continuance of Trial and Pretrial Deadlines

Trial in this matter is set for November 1, 2021; pretrial motions are due September 3, 2021. (Dkt. No. 101.) The parties seek a continuance of trial to March 7, 2022, or later, and of the pretrial motions deadline to February 4, 2022, or later. They assert that defense counsel needs more time to review voluminous discovery, adequately prepare for trial, and "determine whether a resolution short of trial can be reached." (Dkt. No. 106 at 3). Based on the foregoing, the Court FINDS that the ends of justice served by granting the requested continuance outweigh the best interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). This finding is based on the following:

1. Given the complexity of this case and the large volume of discovery, not granting a continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

2. The case is sufficiently complex that it would be unreasonable to expect adequate preparation for pretrial proceedings or the trial itself under the current trial schedule, as set forth in 18 U.S.C. § 3161(h)(7)(B)(ii).

3.      Because additional time is needed for defense counsel to effectively prepare for trial and to determine whether a resolution short of trial can be reached, continuing the trial date is required to avoid an otherwise likely miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

**III.    Conclusion.**

For the foregoing reasons, the Court GRANTS the Government's unopposed motion to seal (Dkt. No. 53) and GRANTS the parties' stipulated motion for a continuance (Dkt. No. 106).

IT IS THEREFORE ORDERED that:

1. The trial date is continued to March 28, 2022, at 9:30 a.m., and the pretrial motions deadline is reset to February 4, 2022;

2. The resulting period of delay from the filing of the motion to continue to the new trial date is excluded for speedy trial purposes under 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(i)–(ii), (iv); and

2. The Clerk is DIRECTED to maintain Docket Number 54 under seal

DATED this 13th day of August 2021.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE