THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KENNETH WARREN RHULE<br><br>　　　　Defendant. | CASE NO. CR20-0105-JCC<br><br>ORDER |

This matter comes before the Court on the Government's motion for entry of a preliminary order of forfeiture (Dkt. No. 131) seeking to forfeit to the United States Defendant Kenneth Warren Rhule's interest in the following property:

1. The real property commonly known as 29428 181st Street SE, Monroe, Washington 98272, Snohomish County, Parcel No. 27081800202100 and all of its buildings, improvements, appurtenances, fixtures, attachments, and easements, more particularly described as follows:

   LOT 12, AS SHOWN ON SURVEY RECORDED IN VOLUME 14 OF SURVEYS, PAGE 107, UNDER SNOHOMISH COUNTY RECORDING NO. 8107085004, RECORDS OF SNOHOMISH COUNTY, WASHINGTON, BEING LOCATED IN SECTION 18, TOWNSHIP. 27 NORTH, RANGE 8 EAST, W.M, IN SNOHOMISH COUNTY, WASHINGTON; and

2. The real property commonly known as 29424 181st Street SE, Monroe, Washington 98272, Snohomish County, Parcel No. 27081800200200 and all of its buildings, improvements, appurtenances, fixtures, attachments, and easements, more particularly described as follows:

LOT 11, AS SHOWN ON SURVEY RECORDED IN VOLUME 14 OF SURVEYS, PAGE 107, UNDER SNOHOMISH COUNTY RECORDING NO. 8107085004, RECORDS OF SNOHOMISH COUNTY, WASHINGTON, BEING LOCATED IN SECTION 18, TOWNSHIP. 27 NORTH, RANGE 8 EAST, W.M, IN SNOHOMISH COUNTY, WASHINGTON.

The Court, having reviewed the United States' motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture is appropriate because:

- The above-identified real properties are forfeitable pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(a), as they were involved in the Defendant's commission of Laundering of Monetary Instruments, as charged in Count 7 of the Indictment, in violation of 18 U.S.C. 1956(a)(3)(C) and/or they were proceeds of, used, or intended to be used, to commit or to facilitate the Defendant's commission of, Conspiracy to Manufacture or Distribute 100 Kilograms or More of a Mixture or Substance Containing Marijuana, as a lesser included offense to the offense charged in Count 8 of the Indictment, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; and

- Pursuant to the Plea Agreement he entered on February 23, 2022, the Defendant agreed to forfeit his interest in the above-identified real properties pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(a). (Dkt. No. 123, ¶ 12.)

NOW, THEREFORE, THE COURT ORDERS:

1. Pursuant to 21 U.S.C. § 853(a) and his Plea Agreement, the Defendant's interest in the above-identified real property is fully and finally forfeited, in its entirety, to the United States;

2. In accordance with Federal Rule of Criminal Procedure 32.2(b)(4)(A)–(B), this

Preliminary Order will be final as to the Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3. The Department of Homeland Security, Customs & Border Protection, and/or its authorized agents or representatives, shall maintain the real properties in their custody and control until further order of this Court.

4. As required by Federal Rule of Criminal Procedure 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the real properties as permitted by governing law. The notice shall be posted on an official government website—currently, www.forfeiture.gov—for at least thirty (30) days. For any person known to have alleged an interest in the real properties, the United States shall also, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the real properties must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

  a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the real properties.

  b. shall be signed by the petitioner under penalty of perjury; and

  c. shall set forth the nature and extent of the petitioner's right, title, or interest in the real properties, as well as any facts supporting the petitioner's claim and the specific relief sought.

5. If no third-party petition is filed within the allowable time period, the United States shall have clear title to the real properties, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

      6.      If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues presented by that petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and

      7.      The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

For the foregoing reasons, the Government's motion for a preliminary order of forfeiture (Dkt. No. 131) is GRANTED.

DATED this 31st day of May 2022.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE