THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>KENNETH WARREN RHULE,<br><br>                    Defendant. | CASE NO. CR20-0105-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for compassionate release (Dkt. No. 155). Having considered the parties' briefing and the relevant record, the Court, finding oral argument unnecessary, hereby DENIES the motion for the reasons explained herein.

I.    BACKGROUND

In February 2022, Defendant pleaded guilty to conspiracy to manufacture or distribute marijuana and laundering of monetary instruments. (Dkt. No. 121.) In May 2022, the Court sentenced Defendant to five years in prison, with a scheduled release date of July 30, 2025, to be followed by four years of supervised release. (Dkt. No. 149.) Defendant now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. No. 155.) Defendant argues he has multiple health conditions that leave him in grave danger if he were to contract COVID-19. (*Id.* at 1.)

## II.     DISCUSSION

### A.     Defendant's Motion for Compassionate Release

A court may not correct or modify a prison sentence once imposed, unless permitted by statute or Federal Rule of Criminal Procedure 35. *United States v. Penna*, 315 F.3d 509, 511 (9th Cir. 2003). 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[1] If the inmate meets these conditions, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding whether compassionate release is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's relevant policy statement provides that a defendant may be eligible for compassionate release if "the defendant is not a danger to the safety of any other person or to the community."[2] United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13.

1. *Extraordinary and Compelling Reasons for Release*

A court may find extraordinary and compelling reasons to release a defendant if the defendant "suffer[s] from a serious physical or medical condition . . . that substantially diminishes the [defendant's] ability . . . to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 cmt. n.1(A). In recent years, some courts have found that health conditions which make an inmate significantly more vulnerable to COVID-19 may constitute extraordinary and compelling circumstances. *See, e.g., United States v. Cosgrove*,

---

[1] The Government challenges whether Defendant exhausted his remedies, (*see* Dkt. No. 166 at 4–5), but Defendant provides proof that he filed his request to the warden over 30 days before the filing of his motion, (Dkt. No. 169-1), which satisfies the exhaustion requirement of 18 U.S.C. 3582(c)(1)(A).

[2] This policy statement does not apply to motions filed by a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). The policy statement may inform the Court's discretion for motions filed by a defendant, but it is not binding. *Id.*

Case No. C15-0230-RSM, Dkt. No. 95 (W.D. Wash. 2020).

Here, Defendant argues that he suffers from a number of such health conditions, including low testosterone, a history of smoking, and high blood pressure. (Dkt. No. 155 at 1.) But the Court notes that the majority of cases cited by Defendant supporting compassionate release based on health conditions are from 2020, during the height of the COVID-19 pandemic, and before the vaccine became widely available. (*See* Dkt. No. 155 at 4–7.) Moreover, the COVID-19 vaccine is presently available for any inmate who wishes to receive it, and a majority of inmates have opted to do so. *See* "BOP COVID-19 Statistics," *available at* https://www.bop.gov/coronavirus/covid19_statistics.html (hereafter "BOP Website"). Yet Defendant has declined the vaccine, a decision that, in and of itself, cuts against his argument.[3] (Dkt. No. 166 at 7.)

Although correctional facilities may have been ill equipped to respond to COVID-19 in 2020, the majority of facilities, including FCI Miami where Defendant currently resides, are operating at an operational Level 1, indicating medical isolation rates of less than 2% and less than 100 new cases per 100,000 individuals over the last seven days. BOP Website; "COVID-19 Modified Operations Plan & Matrix," *available at* https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last accessed May 5, 2023).

Moreover, the Center for Disease Prevention ("CDC") does not list low testosterone as a medical condition that increases the risk of severe complications due to COVID-19. *See* "People with Certain Medical Conditions," *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (hereafter "CDC Website"). And even if it were to put Defendant at greater risk of COVID-19, Defendant has met with prison medical staff on several occasions to check his testosterone levels and receive medications. (Dkt. No. 167 at 2.) While Defendant appears to take issue with the level of

---

[3] In addition, the fact that most other inmates are vaccinated, which reduces the risk that Defendant will contract COVID-19, also cuts against his argument.

treatment he is receiving, (*see* Dkt. No. 169 at 1), given that BOP is actively managing the issue, Defendant's low testosterone does not put him at severe risk of COVID-19 complications.

And while high blood pressure can increase the mortality risk from COVID-19, as the Government points out, only some of Defendant's blood pressure readings have been in the range of hypertension. (Dkt. No. 166 at 6–7.) Also, the CDC only identifies hypertension as an illness that "*possibly* . . . can make you more likely to get very sick from COVID-19" and the most recent findings are inconclusive. CDC Website (emphasis added); *see United States v. Samal*, CR18-0214, Dkt. No. 137 at 10–11 (W.D. Wash. 2023)). Accordingly, at best Defendant shows his high blood pressure possibly puts him at greater risk of COVID-19 complications.

Finally, the Court is not convinced that Defendant's history of smoking presents such a significant risk factor as to establish an extraordinary and compelling reason warranting release. This is especially so where vaccines have greatly reduced the risk of transmission.

Accordingly, the Court FINDS that Defendant has failed to show he is at severe risk of developing severe complications from infection due to his medical conditions and thus failed to identify extraordinary and compelling circumstances that justify a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).[4]

### III.  CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's motion for compassionate release (Dkt. No. 155). Because this motion is denied, Defendant's request for appointment of counsel is also DENIED as moot.

//
//
//
//

---

[4] Even if the Court were to find extraordinary and compelling circumstances, Defendant also fails to show that the § 3553(a) factors support a shorter sentence.

DATED this 8th day of May 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE